UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE<br>As subrogee of CORNELIUS ELLIS,<br><br>     Plaintiff,<br> VS.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant, | )<br>)<br>)<br>)<br>) Civ. Act. No. 07-1822 (RBW)<br>)<br>)<br>)<br>) |

\* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

 Defendant, by and through its undersigned counsel, hereby moves to dismiss the above styled action pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction.

 The Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of this motion, as well as the entire record in this case. A proposed Order is also attached.

 WHEREFORE, Defendant requests that the Court dismiss this action with prejudice.

        Respectfully submitted,

        /s/
        _____
        JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
        United States Attorney

                        /s/
_____
RUDOLPH CONTRERAS,  D.C. Bar # 434122
Assistant United States Attorney


                        /s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE A.S.O CORNELIUS ELLIS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civ. Act. No. 07-1822 (RMW) ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

I.   INTRODUCTION

Plaintiff Graphic Arts Mutual Insurance Co., (Graphic Arts) filed this lawsuit as "subrogee" of plaintiff, Cornelius Ellis against the United States Postal Service. The Plaintiff, Graphic Arts, seeks recovery for workers' compensation benefits made to Mr. Ellis allegedly due to a work related incident involving Cornelius Ellis and occurring at the Brentwood postal facility on December 6, 2004.[1] Graphic Arts paid worker's compensation benefits to Mr. Ellis, pursuant to the provisions of the Maryland Workers Compensation Act, Md. Code, Labor & Employment § 9-101 et seq.

On April 13, 2006, Mr. Ellis filed a claim for personal injuries within the applicable two year statute of limitations for tort actions brought against the United States.[2]  See 28 U.S.C. §

---

[1] Mr. Ellis is an employee of a Maryland Company and, while in the scope of his employment, was delivering packages to the Brentwood Post Office when he was allegedly injured.

[2] Mr. Ellis' administrative claim referenced only "cervical, thoracic and lumbar strains" and sought damages in the total amount of $75,000.00.  Faison Decl., ¶ 4.

2401(b). On October 17, 2006, the Postal Service denied the claim. See Declaration of Greg Faison (Faison Decl.) ¶ 4. Thereafter, Mr. Ellis failed to bring an action in the United States District Court. Mr. Ellis had six months to file an action with the United States District Court after the date of mailing the denial letter. See 28 U.S.C. § 2401(b); Faison Decl., ¶ 4. As such, the statute of limitations has run and both Mr. Ellis and Graphic Arts are now precluded from bringing suit. Id.

Furthermore, Graphic Arts failed to exhaust its administrative remedies prior to filing suit. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., an injured party who is harmed by the negligence of a federal government employee is required to present an administrative claim to the appropriate federal agency in a sum certain amount, and that agency must be given an opportunity to act on that claim before the injured party is authorized to bring suit. 28 U.S.C. §2675(a). No administrative claim was filed with the Postal Service by plaintiff. See Faison Decl. ¶ 3.

Under these circumstances, this Court is without subject matter jurisdiction to hear this matter and the case must be dismissed.

**II.    ARGUMENT**

**Plaintiff Failed To Exhaust Its Administrative Remedies Because It Failed to File A Valid Administrative Tort Claim.**

Generally, lawsuits against the United States for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. See, e.g., United States v. Testan, 424 U.S. 392, 400 (1976); Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991). It is axiomatic that the

sovereign cannot be sued without its consent to be sued, United States v. Sherwood, 312 U.S. 584 (1941). It is also clear that the express terms of any such consent by the United States to be sued define and limit a federal court's jurisdiction to entertain such suit. See Testan, at 400.

The FTCA waives the government's sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment. See, Thomason v. Sanchez, 398 F. Supp. 500 (D.N.J. 1975), *aff'd*, 539 F.2d 955 (3rd Cir. 1976), cert. denied, 429 U. S. 1072 (1977); Castro v. United States, 34 F.3d 106 (2nd Cir. 1994); J.D. Pflaumer v. United States Department of Justice, 450 F. Supp. 1125, 1132 n.11 (E.D. Pa. 1978). As such, the express terms of the FTCA define and limit a federal court's jurisdiction to entertain tort actions against the United States and its agencies or employees, and the federal court's jurisdiction is restricted to the terms enunciated in the FTCA. As the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. Livera v. First National Bank, 879 F.2d 1186, 1194 (3d Cir. 1989), cert. denied, 493 U.S. 937 (1989). Because the sovereign's consent to a waiver of its immunity must be narrowly construed, a plaintiff must file any action under the FTCA in exact compliance with its terms. Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971); Ross v. Runyon, 858 F. Supp. 630 (S.D. Tex. 1994); Rock Island, A.&L. R. Co v. United States, 254 U.S. 141, 143 (1920) ( "[m]en must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with.")

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied after the six month adjudicatory period expires. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Id.; see also 39 CFR § 912.5(b).

The requirement of administrative review and compliance with the claim procedure prescribed in 28 U.S.C. § 2675(a) is jurisdictional and may not be waived. McNeil v. United States, 508 U.S. 106, 113 (1993); see also Jerves v. U.S., 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d 41, 41-43 (4th Cir. 1990); United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1306 (5th Cir. 1987), cert. denied, 484 U.S. 1065 (1988); Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981); Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971). Accordingly, the FTCA requires an injured party to present an administrative tort claim before the appropriate federal agency, and to give that agency an opportunity to act on that claim, before the injured party is authorized to bring suit. Because Plaintiff failed to file any administrative claim with the Postal Service this lawsuit should be dismissed. See 28 U.S.C. § 2675(a).

Postal regulations anticipate that certain claims may be made by third-party insurers such as Graphic Arts. 39 CFR 912.6 (d), states in pertinent part:

> § 912.6 Administrative claim; who may file:
>
> . . . . .
>
> (d)   A claim for loss wholly compensated by an insurer with the

4

> rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by the insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

39 CFR 912.6 (d); accord 28 CFR § 14.3(d). These regulations are justified because an insured may only have insurance for a portion of the loss. Thus, an insured and an insurance company may file separate administrative claims. Id. Also, if there are multiple claims in a matter, "each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert a claim on their behalf." Penn Millers Insurance Co., v USA, et al., 472 F. Supp. 2d 705, 712 (E.D.N.C. 2007) (citations omitted). In spite of this, no claim was made by Graphic Arts at the administrative level. Accordingly, this Motion should be granted.

Moreover, the Maryland Workers Compensation Act, (Act) Md. Code, Labor & Employment § 9-102, gives Graphic Arts the right to bring an action directly against a third party.[3] Section 9-102 states in pertinent part:

> § 9-902. Action against third party after award or payment of compensation.
>
> (a) Action by self-insured employer, insurer, or fund.
>
> If a claim is filed and compensation is awarded or paid under this title, a self-insured employer, an insurer, the Subsequent Injury Fund, or the Uninsured Employers' Fund may bring an action for damages against the third party who is liable for the injury or death of the covered employee.
> . . . .

---

[3] See Baltimore Transit co. v. Harroll, 217 Md. 169, 141 A.2d 912 (1958) (where there is no specific provision in a compensation law making an employer an indemnitor with a right of subrogation, he has no such right as to compensation or expenses paid to, or for the benefit of, the injured employee.)

Md. Code, Labor & Employment § 9-902.

Mr. Ellis' administrative claim pertained to personal injuries sustained allegedly as a result of the incident at the Brentwood Post Office. Faison Decl. ¶ 4. Graphic Arts is now asserting a claim for workers' compensation benefits. See Complaint ¶ 9, 10. The latter was never presented as a claim to the Postal Service. See Faison Decl., ¶ 3. Because Plaintiff possessed an independent right to assert its claim at the administrative level and yet failed to do so, there is no jurisdictional prerequisite for Graphic Arts' FTCA complaint. See Singleton v. United States, 277 F.3d 864, 872-73 (6th Cir. 2002); Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002); Schmidt v. United States, 933 f.2d 639, 639-40 (8th Cir. 1991).

In Vacek v. United State Postal Service, 2004 U.S. Dist. LEXIS 8406, * 2, 24, (N.D. Cal. 2004), aff'd, Vacek v. United States Postal Service, 447 F.3d 1248 (9th Cir 2006), the District Court held that the insurer's complaint should be dismissed for failing to submit a claim to the Postal Service at the administrative level. The Appellate Court affirmed the holding of the District Court. Tellingly, the District Court stated that the: "[insurer] present[ed] no authority that support[ed] the proposition that administrative exhaustion [was] unnecessary when the governmental agency has information that _might_ put it on notice that a claim _might_ be filed. To allow such circumvention of the exhaustion requirements would fly in the face of the Supreme Court's repeated admonition that exhaustion is a jurisdictional issue that cannot be waived." (Emphasis added) Id at *23-24.  See also Penn Millers, 472 F.Supp. 2d at 718, where the Court denied the insured's request to amend the complaint to add insurer and held that "to allow the amended complaint in this case to relate back would permit an insured or an insurance company with separate FTCA claims to fail to file an FTCA administrative claim, then name only itself in

a complaint and later amend the complaint to add or substitute the proper FTCA claimant after the six-month statute of limitations had run.  Given that the United States undoubtedly faces a large number of FTCA claims per year, that many such claims undoubtedly involve insurance companies, that the FTCA contains procedures that must be followed, and that the FTCA statutes of limitations are jurisdictional, the United States should not have to guess whether a new plaintiff . . . will appear after the six-month period has expired."

**The Statute of Limitations Precludes Graphic Arts' Claim**

To the extent that Graphic Arts is attempting to "piggy-back" on Mr. Ellis' administrative claim, it is untimely.  Actions under the FTCA must be brought within six months after the date a federal agency mails a notice of final denial of an administrative claim.  28 U.S.C. § 2401(b).  While Mr. Ellis' denial letter was sent by Certified Mail, on October 17, 2006, Graphic Arts failed to bring any action in the District Court until October 9, 2007, well beyond the six month limitations period.[4]  See Faison Decl. ¶ 4.

Moreover, Graphic Arts can not "piggy back" on Mr. Ellis' administrative claim because Mr. Ellis failed to file a complaint in the District Court.  *Cf* . Malster v. United States of America, 2007 U.S. Dist. LEXIS 42527, * 7 (S.D. Ohio, 2007)(insurer did not file its own timely administrative claim and; therefore, that claim could not serve as the jurisdictional prerequisite for insurer's FTCA complaint, but because insured had timely filed an administrative claim and timely filed a complaint in the District Court, insurer's motion to intervene was granted.); Executive Jet Aviation, Inc v. United States, 507 F.2d 508 (6th Cir. 1974) (same, pertaining to intervener insurer who had filed a claim at the administrative level).  Clearly, in contrast, there is

---

[4] The six month limitation period would end on April 17, 2007.

no jurisdictional prerequisite for Graphic Arts' complaint and it should be dismissed.

### III.  CONCLUSION

Plaintiff failed to exhaust its administrative remedies before commencing this action. Accordingly, this Court lacks subject matter jurisdiction over this claim, and the Complaint must be dismissed as a matter of law.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, Esq. D.C. Bar # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 Fourth Street, NW
Suite 4-4808
Washington, D.C. 20530
(202) 305-1334

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE ASO CORNELIUS ELLIS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Case No. 1:07-CV-01822 |

### DECLARATION OF GREG FAISON

I, GREG FAISON, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the legal equivalent of a statement under oath and that it will be filed in the United States District Court for the District of Columbia.

1. I am presently employed by the United States Postal Service in the Capital District as a Tort Claims Coordinator.

2. I am the custodian for the accident investigation files and am responsible for processing and maintaining Tort and Accident claims made against the United States Postal Service for the Capital District.

3. I have reviewed the tort claim files for the fiscal years 2004 through the present time, and Graphic Arts Mutual Insurance has never filed a tort claim with the Postal Service for the incident of December 6, 2004 involving Cornelius Ellis.

4.  Mr. Ellis did file his own tort claim on or about June 8, 2006 with the Postal Service, and that claim was finally denied on October 17, 2006. See SF-95 from Mr. Ellis attached hereto as Exhibit A; See Final Denial letter dated October 17, 2006 attached hereto as Exhibit B.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

_____
GREG FAISON
TORT CLAIMS COORDINATOR
CAPITAL DISTRICT

Dec. 10, 2007
_____
Date

2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>Greg Faison<br>Tort Claim Coordinator<br>United States Postal Service<br>900 Brentwood Rd., N.E.<br>Washington, D.C. 20066-7300 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Cornelius Ellis<br>7600 Fontaine Blue Dr.<br>#301 New Carrolton, MD 20784 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>1/21/54 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>Monday, 12/6/04 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

While on Duty delivering mail to the Brentwood Post Office Facility, Mr. Ellis bent over on the loading dock to change the labels on his parcels, when a forklift operated by a U.S. Postal Worker picked up a nearby skid and struck Mr. Ellis on the left side of the neck and head.

UNITED STATES POSTAL SERVICE

JUN 08 2006

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Cervical, Thoracic & Lumbar Strains

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$75,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Cornelius Ellis* | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>4-13-06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**Exhibit A**

# ASHCRAFT & GEREL, LLP

ATTORNEYS AND COUNSELLORS AT LAW

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS*

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
(202) 783-6400
FAX (202) 416-6392

**DISTRICT OF COLUMBIA**
JAMES A. MANNINO*
MARK L. SCHAFFER*
WAYNE M. MANSULLA
JAMES F. GREEN
ALLEN J. LOWE
H. VINCENT McKNIGHT
MICHELLE A. PARFITT
CHRISTOPHER V. TISI
SIDNEY SCHUPAK
GEORGE E. SWEGMAN
REBEKAH R. MILLER
JERRY D. SPITZ
MOHAMMAD A. SYED
JENNIFER L. ORENDI
BRIAN L. KINSLEY
SALMAN H. ELMI

OF COUNSEL
ALTOMEASE R. KENNEDY

ROCKVILLE, MD 20852
SUITE 1002
11300 ROCKVILLE PIKE
(301) 770-3737

LANDOVER, MD 20785
SUITE 301
4301 GARDEN CITY DRIVE
(301) 459-8400

ALEXANDRIA, VA 22311
SUITE 650
4900 SEMINARY ROAD
(703) 931-5500

BALTIMORE, MD 21202
SUITE 1212
10 EAST BALTIMORE STREET
(410) 539-1122

**MARYLAND**
MARTIN E. GEREL*
ROBERT G. SAMET
DAVID M. LaCIVITA
WILLIAM F. MULRONEY
ROBERT P. ENDERLE
JONATHAN S. BEISER
ROBERT A. FLACK
DENISE J. GOTTRON
DAVID M. LAYTON
MARTIN TRPIS
PATRICK M. WYSONG
ALAN J. MENSH
KELLY E. COOK

**VIRGINIA**
LAWRENCE J. PASCAL
J. HUNT BRASFIELD
MICHAEL W. HEAVISIDE
CRAIG A. BROWN
DAVID L. BAYNE, JR.
DAVID B. VERMONT
SUSAN C. MINKIN

LEE C. ASHCRAFT
1908-1993

May 30, 2006

Greg Faison
Tort Claim Coordinator
United States Postal Service
900 Brentwood Rd., N.E.
Washington, D.C. 20066-7300

**By Certified Mail**



JUN 0 8 2006

RE:   Federal Tort Claim Act Notice

Dear Mr. Faison:

Please be advised that this law firm has been retained to represent Mr. Cornelius Ellis (D/B: 1-21-54, SS# 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). Mr. Ellis is a resident of Maryland who is employed by Fannon-Luers Associates, Inc., 5352 46th Avenue, Hyattsville, Maryland.

On December 6, 2004, Mr. Ellis was delivering mail to the Brentwood Post Office facility in Northeast, Washington, D. C. As he bent down on the loading dock to change labels on his parcels, a forklift operated by a United States Postal worker, picked up a near-by skid and moved forward into Mr. Ellis. Upon information and belief, the forklift was being operated by an employee named Steve. The incident was reported immediately to Supervisor, Howard Green.

The operator of the forklift acted negligently in the operation of the forklift. He failed to use due care. He failed to see what was there to be seen.

As a direct and proximate result of the negligence of the United States Postal worker, Mr. Ellis sustained injuries to his neck and back. He has received medical treatment from Prince Georges Hospital Emergency Room, Mark Cohen, M.D., and Physical Therapy and Wellness Services. As of December 8, 2005, Dr. Cohen's partner, William Lauder, M.D., noted that Mr. Ellis was still suffering from "chronic cervical and chronic lumbar strain due to the injury of December 6, 2004." (See attached report).

THIS FIRM AND ITS PARTNERS ARE ALSO PARTNERS IN HERMAN, MATHIS, CASEY, KITCHENS & GEREL, LLP

**Exhibit A**

Greg Faison
Re: Cornelius Ellis
May 30, 2006

    Mr. Ellis missed a couple of weeks from work and then returned to work performing light duty. At the time of the incident, he was earning $14.75 per hour.

    On behalf of Mr. Ellis, we are making a claim to recover damages resulting from the conduct of the United States Postal worker as described above. As of the date of this letter, Mr. Ellis' damages may be divided into the following categories:

1. Wage loss
2. Medical expenses
3. Pain and suffering
4. Emotional distress

    In addition, you should be aware that Mr. Ellis has filed a claim to recover worker's compensation benefits. The worker's compensation carrier is Graphic Arts Mutual Insurance, 8950 Route 108, Suite 236, Columbia, MD 21045. The carrier has asserted a lien against any proceeds received by Mr. Ellis in settlement of this matter.

    Upon receipt of this letter, we ask that you assign a claim number and acknowledge receipt of this claim. We will supplement this notice as records becomes available.

    We are attaching the following documents, the contents of which, we incorporate by reference:

1. Medical Records from Maryland Orthopaedics
2. Medical Bill from Maryland Orthopaedics ($2,947.92)
3. Medical Records, CAM P/T and Wellness
4. Medical Bill, CAM P/T and Wellness ($2,000.00)
5. Medical Bill, Prince Georges Hospital ($239.00)
6. Medical Records, Prince Georges Hospital
7. Medical Bill, George Washington University Hospital ($160.00)
8. Average Weekly Wage Statement of Cornelius Ellis signed by John F. Fannon, President of Fannon-Luers Associates, Inc.

    Thank you for your cooperation in this matter.

Very truly yours,

H. Vincent McKnight, Jr.

HVM:jb
Encls.

**Exhibit A**

LAW DEPARTMENT
NATIONAL TORT CENTER

Exhibit B


**UNITED STATES POSTAL SERVICE**

CERTIFIED NO: 7005 1820 0007 5367 5743
**RETURN RECEIPT REQUESTED**

October 17, 2006

H. Vincent McKnight, Jr.
Attorney at Law
2000 L Street, NW, Suite 400
Washington, DC 20036

Re:   Your Client:         Cornelius Ellis
      Date of Incident:    December 6, 2004

Dear Mr. McKnight, Jr.:

This is in reference to the request for reconsideration of the administrative claim filed under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about December 6, 2004.

Based on our reconsideration of the facts and circumstances set out in the claim file, and the applicable law, we do not find the United States Postal Service negligent in this matter. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Sincerely,

Ann E. Mandernach
Tort Claims Examiner/Adjudicator
314/872-5147

cc:   Greg Faison - Tort Claim Coordinator
      File No. 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a

P. O. BOX 66640
ST. LOUIS, MO 63166-6640
TEL: 314/872-5120
FAX: 314/872-5193